# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.H.-1, A.H.-1, B.P., and A.H.-2.**

**No. 18-0536** (Randolph County 2016-JA-109, 2016-JA-110, 2016-JA-111, and 2016-JA-112)

## MEMORANDUM DECISION

Petitioner Father T.H.-2, by counsel G. Phillip Davis, appeals the Circuit Court of Randolph County's April 10, 2018, order terminating his parental rights to T.H.-1, A.H.-1, B.P., and A.H.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights instead of utilizing a less-restrictive dispositional alternative

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 1, 2016, the DHHR filed an abuse and neglect petition against petitioner and the mother. According to the DHHR, there was a prior abuse and neglect petition filed against the parents in 2012. However, the parents completed their post-adjudicatory improvement periods and the petitions against them were dismissed. Following the 2012 proceedings, a Child Protective Services ("CPS") case was opened due to the parents' substance abuse, but they complied with services and no abuse and neglect petition was filed. Thereafter, an additional CPS case was opened following continued substance abuse and physical, mental, and emotional abuse of the children. On November 25, 2016, the police were called to the home following a domestic dispute between the parents. Upon investigation, the police found the home to be in a dangerous condition due to unsafe heaters, a cockroach infestation, and illegal drugs in plain sight. Both parents were arrested at that time.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials and two of the other children share the same initials, they will be referred to as T.H.-1, T.H.-2, A.H.-1, and A.H.-2, respectively, throughout this memorandum decision.

1

On December 27, 2016, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations of abuse and neglect and moved for a post-adjudicatory improvement period. The circuit court later granted petitioner's motion in March of 2017, over the guardian's objection. In May of 2017, the circuit court held a review hearing during which the DHHR reported that petitioner tested positive for methamphetamine and opiates on April 21, 2017. However, the circuit court ordered that petitioner's improvement period continue. Petitioner's post-adjudicatory improvement period was extended in July of 2017. In August of 2017, the DHHR informed the circuit court that petitioner continued to test positive for illegal substances and was inconsistent in visiting the children. Despite testing positive for substances, the circuit court granted petitioner an additional extension of his post-adjudicatory improvement period. However, in February of 2018, petitioner stopped submitting to random drug screening and was unable to visit with the children due to the missed screens. In March of 2018, the DHHR filed a motion to terminate petitioner's parental rights.

On March 27, 2018, the circuit court held a dispositional hearing. Petitioner arrived to the hearing over ninety minutes late, but was represented by counsel for the entire hearing. He moved for a post-dispositional improvement period, which the circuit court denied due to his failure to comply with his post-adjudicatory improvement period. The DHHR presented evidence that petitioner tested positive for multiple illegal substances throughout his post-adjudicatory improvement period. Additionally, evidence was presented that petitioner was unable to provide a safe home for the children despite several months of services. In its order, the circuit court noted that petitioner continued to abuse substances, failed to maintain appropriate housing, and was unable to demonstrate that he possessed adequate parenting skills. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of his parental rights was in the children's best interests. The circuit court also found that the termination of petitioner's parental rights was the least-restrictive dispositional alternative. Ultimately, the circuit court terminated petitioner's parental rights in its April 10, 2018, dispositional order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[2]According to the parties, the mother's parental rights were also terminated. Additionally, B.P.'s biological father's parental rights were terminated in 2014. T.H.-1, A.H.-2, and B.P. are placed together in a foster home with the permanency plan of adoption in that home. A.H.-1 is in a different foster home, and the permanency plan for her is adoption in that home.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights instead of utilizing a less-restrictive dispositional alternative. In support, petitioner asserts that "for the most part, [petitioner] physically participated in the elements of the improvement period." He also asserts that he could benefit from a less-restrictive dispositional alternative. We do not find this argument persuasive. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]"

Here, petitioner fails to acknowledge that he continued to abuse multiple illegal substances during the proceedings and that he was unable to visit the children due to his positive screens and his failure to attend screens starting in February of 2018. Further, he fails to acknowledge that he was unable to provide the children with a safe and appropriate home, despite months of services. While he argues that he participated in his post-adjudicatory improvement period, petitioner clearly did not benefit from the services offered. Due to petitioner's continued abuse of substances, failure to maintain appropriate housing for the children, and failure to demonstrate adequate parenting skills, it is clear that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future and that the termination of his parental rights was in the children's best interests.

Moreover, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, the termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 10, 2018, dispositional order is hereby affirmed.

                                                                                    Affirmed.


**ISSUED**:


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

4